UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGBIR SINGH, | No.  1:25-cv-01862-DJC-EFB |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  This matter was referred to the undersigned on December 16, 2025 pursuant to Local Rule 302(c)(17).  ECF No. 5.  For the reasons set forth below, the undersigned recommends the writ be denied.

## BACKGROUND

### A.  Factual Background

Petitioner initiated this action on December 15, 2025, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition, he alleges that he is a noncitizen who has applied for asylum, which proceeding is pending.  ECF No. 1 at 4, 11.  He alleges that he is currently detained in a detention facility pending immigration removal proceedings, and has been detained since October 9, 2025.  *Id*.  Petitioner asserts one claim for relief, that his due process rights are violated by his ongoing detention without an individualized hearing before a neutral decision-maker wherein he is determined to be either a flight risk or danger to the community.  *Id*.

1

at 16-17.  He seeks a writ of habeas corpus, declaratory judgment, and attorney's fees and costs. *Id*. at 17.

In their Response, respondents do not dispute petitioner's factual allegations.  However, the respondents contend, and support with documentary evidence, that petitioner is a national and citizen of India, who entered the United States on February 3, 2023.  ECF No. 11 at 1, Declaration of Alejandro Parra Jaimes (James Decl.) ¶6, Ex. 1.  Respondent's exhibits indicate that, after petitioner was initially detained, he was released two days later with an order to appear before an Immigration Judge on July 9, 2024.  *Id*.  The record before the court does not indicate if that hearing occurred and, if so, its resolution.  *See* ECF Nos. 1, 11, 12.  But on July 9, 2025, petitioner was arrested by the Lathrop Police Department for attempted robbery (California Penal Code § 664 / 211) and carrying a concealed dirk or dagger (California Penal Code § 21310).  ECF No. 11 at 1, James Decl. ¶7, Ex. 3 at 1.  He was convicted of the first count and sentenced to 270 days in jail.  ECF No. 11 at 1, James Decl. ¶8, Ex. 4 at 6.  On October 8, 2025, the San Joaquim County Sheriff's Office notified the Immigration and Customs Enforcement (ICE) of petitioner's impending release from jail, and, on October 9, 2025, petitioner was detained by the Department of Homeland Security under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C § 1182).  ECF No. 11 at 1, James Decl. ¶¶9-10, Ex. 2 at 1.

In his Reply, petitioner does not dispute the facts offered by respondent.  ECF No. 12.

**B.  Procedural Background**

Petitioner initiated this action in propria persona on December 15, 2025, and concurrently filed a motion to proceed in forma pauperis and a motion to appoint counsel.  ECF Nos. 1-3.  The matter was referred to the undersigned by the district court on December 16, 2025.  ECF No. 5.  On December 30, 2025, the undersigned granted petitioner's motions to proceed in forma pauperis and for the appointment of counsel.  ECF No. 8.  The court further ordered that respondents file an Answer / Response no later than 20 days from the date of the order, and petitioner's reply was due 14 days thereafter.  *Id*.  It was further ordered that petitioner could not be transported outside the judicial district pending further order of the court.  ECF No. 6.

/////

2

On January 20, 2026, respondents filed a Response to the petition, ECF No. 11, and petitioner filed a Reply on February 3, 2026.  ECF No. 12.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

In his petition, petitioner raises a single claim for relief: that his ongoing detention without a bond hearing violates his due process rights under the Fifth Amendment.  ECF No. 1 at 7.   For the reasons explained below, the undersigned recommends the petition be denied.

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) ("We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, . . . the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient").

Generally, a noncitizen alien possesses a protected liberty interest in remaining free from detention, to which due process rights attach.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under

the Due Process Clause may entitle the individual to procedural protections not found in the statute. *See id*. (Due Process requires pre-deprivation hearing before revocation of preparole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context).

Respondents argue that, notwithstanding this general rule, the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq., provides for the mandatory detention of petitioner under 8 U.S.C. § 1226(c) due to his conviction for attempted robbery (California Penal Code § 664 / 211, such that petitioner has not been deprived of due process of law. [1] ECF No. 11 at 1-5. 8 U.S.C. § 1226(c) provides for the mandatory detention of certain noncitizen aliens:

**(c) Detention of criminal aliens**
**(1) Custody**
The Attorney General shall take into custody any alien who--
**(A)** is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
**(B)** is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
**(C)** is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[1] to a term of imprisonment of at least 1 year,
**(D)** is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, or
**(E)(i)** is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
**(ii)** is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
**(2) Definition**
For purposes of paragraph (1)(E), the terms "burglary", "theft", "larceny", "shoplifting", "assault of a law enforcement officer", and "serious bodily injury" have the meanings given such terms in the jurisdiction in which the acts occurred.

---

[1] Respondents also argue that petitioner's detention is lawful pursuant to 8 U.S.C. § 1226(a). ECF No. 11 at 3. Because the undersigned finds § 1226(c) forecloses petitioner's claim of due process violation, it is unnecessary to reach this alternative basis. *See*, *e.g.*, *Thomas v. Matteson*, No. CV 21-3767-DSF (JPR), 2022 WL 527846, at *3 n.7 (C.D. Cal. Jan. 4, 2022), *report and recommendation adopted*, No. CV 21-3767-DSF (JPR), 2022 WL 523450 (C.D. Cal. Feb. 22, 2022).

**(3) Detainer**
The Secretary of Homeland Security shall issue a detainer for an alien described in paragraph (1)(E) and, if the alien is not otherwise detained by Federal, State, or local officials, shall effectively and expeditiously take custody of the alien.
**(4) Release**
The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C. § 1226(c).  The Supreme Court has upheld this statutory section, including its provision for mandatory detention of some noncitizen aliens, as facially non-violative of the due process clause.  *Demore v. Kim*, 538 U.S. 510 (2003).

Here, respondent argues that petitioner is currently detained pursuant to section 1226(c)(1)(A) and 1226(c)(1)(E).  ECF No. 11 at 4-5.  Section 1226(c)(1)(A) incorporates section 1182(a)(2), which provides,

any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of--
**(I)** a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime, or
**(II)** a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),
is inadmissible.

8 U.S.C.A. § 1182.  The Court of Appeals has held that robbery, as defined in California Penal Code section 211, is a "crime of moral turpitude" within the meaning of section 1182(a)(2).  *Mendoza v. Holder*, 623 F.3d 1299, 1301 (9th Cir. 2010).  Respondents represent, and present evidence demonstrating, that petitioner was convicted of one count of attempted robbery (Cal. Penal Code § 211) on July 29, 2025.  ECF No. 11, James Decl. ¶8, Exs. 3-4.  Petitioner concedes that he suffered this conviction.  ECF No. 12 at 4.  Accordingly, under 8 U.S.C. § 1226(c)(1)(A),

5

respondents' taking of petitioner into custody upon this conviction was mandated by law.[2]  *See Nielsen v. Preap*, 586 U.S. 392, 408 (2019) (observing that aliens arrested under 8 U.S.C. § 1226(c) "must be detained without a bond hearing until the question of their removal is resolved"); *see also Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023).  Per *Demore*, 538 U.S. 510, petitioner's arrest pursuant to this statutory authority did not itself violate petitioner's due process rights.

Petitioner argues that, notwithstanding the lawfulness of his October 9, 2025 arrest by respondents, his ongoing detention without the opportunity to seek release has resulted in a deprivation of his due process rights.  ECF No. 1 at 8-13; ECF No. 12 at 4.  Petitioner argues in the alternative that a detention longer than six months is presumptively unreasonable or that, absent this bright-line rule, his detention has been so lengthy as to violate his due process rights.  ECF No. 1 at 8-13.  Petitioner's first argument fails as a matter of law and fact.  In *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018), the Supreme Court rejected a similar argument, that detention under § 1226(c) contained an implicit "time limit devised by courts," because the section intrinsically limited detention to "'a definite termination point': the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (quoting *Demore*, 538 U.S. at 529).  The Court specifically rejected the Court of Appeals' interpretation of 8 U.S.C. § 1226(c) that included "an implicit 6-month time limit on the length of mandatory detention." *Id*.  Moreover, even if *Jennings* did not foreclose the bright-line six-month rule petitioner urges here, such a rule would not entitle petitioner to the relief he seeks, as he alleges he has been detained for less than six months.  *See* ECF No. 1 at 11; *see also* ECF No. 12 at 3 (acknowledging that he has been

---

[2] Respondents also argue that petitioner's detention was mandated under 8 U.S.C. § 1226(c)(1)(E)(ii), which provides, "The Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." ECF No. 11 at 5.  Here, the record before the court, including the documents tendered by respondents, indicates that none of these provisions apply, as petitioner was arrested for and ultimately convicted of attempted robbery, and there is nothing to indicate that or any other crimes attributed to him resulted in death or serious bodily injury to another person. *See* ECF No. 11, James Decl. ¶8, Exs. 3-4.

detained less than five months).

Petitioner's alternative argument also fails to persuade.  There is limited legal authority for petitioner's position that, as a matter of law, there is a temporal point at which a detention under section 1226(c) becomes so lengthy as to violate due process.  *See generally Jennings*, 583 U.S. at 304; *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (observing that, since *Jennings*, there has been "a dearth of guidance regarding the point at which an individual's continued mandatory detention under Section 1226(c) becomes unconstitutional"); *Martinez v. Clark*, 36 F.4th 1219, 1223 (9th Cir. 2022) ("Whether due process requires a bond hearing for aliens detained under § 1226(c) is not before us today. And we take no position on that question."), *vacated and remanded on other grounds*, 144 S. Ct. 1339 (2024); *Avilez v. Garland*, 69 F.4th 525, 538 (9th Cir. 2023) (declining to reach question of whether due process required a bond hearing for noncitizen detained under § 1226(c) and remanding to district court for consideration of due process claim).  In *Tijani v. Willis,* 430 F.3d 1241 (9th Cir. 2005), a panel of the Court of Appeals, with each member writing separately, held that a detainee's two-year-and-eight-month detention under 8 U.S.C. § 1226(c) entitled him to a bond hearing as a matter of due process.  Some district courts, too, have held that detentions under § 1226(c) lasting over six months may violate detainees' rights to due process, if the detainee does not have an opportunity to seek release during that period.  *See*, *e.g.*, *Gonzalez Esquivel v. Chestnut*, No. 1:25-CV-01353-SKO (HC), 2026 WL 145887, at *6 (E.D. Cal. Jan. 20, 2026), *report and recommendation adopted sub nom. Esquivel v. Chestnut* (E.D. Cal. Jan. 27, 2026); *Lopez v. Napolitano*, No. 1:12-CV-01750 MJS HC, 2014 WL 1091336, at *4 (E.D. Cal. Mar. 18, 2014) (detention of 26 months violates due process absent a bail hearing); *J.P. v. Garland*, 685 F. Supp. 3d 943, 949 (N.D. Cal. 2023) (same, where petitioner had been detained 21 months); *Makaj v. Crowther*, No. CV 07-0342-PHX-JAT, 2007 WL 3224539, at *6 (D. Ariz. Oct. 29, 2007) (same, where petitioner's detention lasted over 14 months); *see also Hernandez v. Lundy*, No. 1:25-CV-02007-SKO (HC), 2026 WL 102292, at *6 (E.D. Cal. Jan. 14, 2026) (finding petitioner's two-month detention under 8 U.S.C. § 1226(c) was reasonable and did not violate her due process rights).  Petitioner fails to show, however, that this principle should apply

equally to his four-month detention, given that the Supreme Court has expressly declined to impose a six-month bright-line rule for detentions under 1226(c) as a matter of due process.  *See Jennings*, 583 U.S. at 304; *Demore*, 538 U.S. at 529.

Finally, it is not entirely clear from petitioner's briefing whether he seeks to challenge respondents' initial determination that he is subject to section 1226(c)'s requirements.  *See* ECF No. 12 at 4.  If his claim for relief encompasses an allegation that he has been deprived of a hearing for that purpose, he has not shown that respondents have deprived him of the process he is due.  When a noncitizen alien is detained under section 1226(c), he may request a hearing before an immigration judge at which he "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."  *Demore*, 538 U.S. at 514 (identifying this as a *Joseph* hearing, per *Matter of Joseph,* 22 I & N Dec. 799 (BIA 1999), 8 C.F.R. § 3.19(2)(ii)); *see also Jennings*, 583 U.S. at 289, n.1 (same).  Here, however, nothing in the record indicates that petitioner has requested a hearing to challenge the applicability of 8 U.S.C. § 1226(c)(1) to him.  *See generally* ECF Nos. 1, 11, 12.  He has made no allegations that he has requested such a hearing, that such a request has been denied by respondents, that such request has been granted but in a dilatory fashion, or anything else to support his underlying allegation that respondents have undertaken some action or omission denying him the process he is due.  *See* ECF No. 1.  In light of this, petitioner has failed to show that, on this basis, respondents have deprived him of due process of law to which he is entitled.  *See Yagman v. Garcetti*, 852 F.3d 859, 865 (9th Cir. 2017) (holding no violation of due process where agency offered "an opportunity to present evidence and arguments" that would be "considered by the reviewer"); *see*, *e.g.*, *Daley v. Andrews*, No. 1:25-CV-00922-KES-CDB (HC), 2026 WL 101840, at *12 (E.D. Cal. Jan. 14, 2026); *Hernandez*, No. 1:25-CV-02007-SKO (HC), 2026 WL 102292, at *5-6; *Romero-Romero v. Wofford*, No. 1:24-CV-00944-SKO (HC), 2025 WL 391861 (E.D. Cal. Feb. 4, 2025), *report and recommendation adopted as modified,* No. 1:24-CV-00944 JLT SKO (HC), 2025 WL 3154399 (E.D. Cal. Nov. 12, 2025).

//

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the Petition for Writ of Habeas Corpus (ECF No. 1) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 18, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE